UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

JAVON DOWLING,

       Plaintiff,

  v.                9:17-CV-0647
                     (MAD/DJS)

D. FREDRICKSON, et al.,

       Defendants.

---

APPEARANCES:

JAVON DOWLING
Plaintiff, pro se
261 Malcolm X Blvd. Apt. 2A
Brooklyn, NY 11233

HON. ERIC T. SCHNEIDERMAN    DAVID A. ROSENBERG, ESQ.
New York State Attorney General     Ass't Attorney General
Attorney for Defendants
615 Erie Boulevard West
Suite 102
Syracuse, NY 13204-2455

MAE A. D'AGOSTINO
United States District Judge

## DECISION and ORDER

**I. BACKGROUND**

The Clerk has sent to the Court an amended civil rights complaint submitted for filing

by pro se plaintiff Javon Dowling pursuant to 42 U.S.C. Section 1983 ("Section 1983").[1] Dkt.

---

[1] After plaintiff submitted his complaint, he submitted his amended complaint, which the Court will review in place of the original complaint. "It is well established that an amended complaint ordinarily supersedes the original and renders it of no legal effect." *Arce v. Walker*, 139 F.3d 329, 332 n.4 (2d Cir. 1998) (quoting *International Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d Cir. 1977)).

No. 11 ("Am. Compl."). For the reasons set forth below, the amended complaint is accepted for filing and is the operative pleading and defendants Schleicher, Fredrickson, and Barkman, who have already been served with the complaint, are directed to respond to the claims against them that have survived sua sponte review.

## II. DISCUSSION

### A. Plaintiff's Original Complaint

Plaintiff commenced this action by filing a civil rights complaint pursuant to Section 1983 together with an application to proceed with the action in forma pauperis. Dkt. No. 1 ("Compl."); Dkt. No. 2 ("IFP Application). By Decision and Order filed August 22, 2017, plaintiff's IFP Application was granted. Dkt. No. 6 (the "August 2017 Order").

In his original complaint, plaintiff named as defendants Corrections Lieutenant D. Fredrickson, Corrections Officer E. Schleicher, Corrections Sergeant Barkman, Hearing Officer C. Bruccini, Greene Correctional Facility Superintendent Brandon Smith, Corrections Sergeant "John Doe," Corrections Officer "Jane Doe," and Acting DOCCS Commissioner Anthony J. Annucci. *See generally* Compl. Following review of the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), the complaint was construed to assert the following claims: (1) a First Amendment retaliation claim against defendants Fredrickson, Barkman, and Schleicher; (2) a Fourteenth Amendment due process claim against defendants Bruccini, Smith, Annucci, "John Doe," and "Jane Doe"; and (3) a Fourteenth Amendment equal protection claim against all of the defendants. *See* August 2017 Order at 5-6.

In the August 2017 Order, the Court found as follows. First, plaintiff's First Amendment retaliation claim against defendants Fredrickson, Schleicher, and Barkman survived sua sponte review and required a response. *Id.* at 7-9. Second, plaintiff's

2

Fourteenth Amendment due process claim against defendants Bruccini, Smith, Annucci, "John Doe," and "Jane Doe" was dismissed for failure to state a claim upon which relief may be granted because plaintiff failed to plead the existence of a valid liberty interest with respect to his 77-day SHU confinement. August 2017 Order at 9-11. Third, plaintiff's Fourteenth Amendment equal protection claim against all of the defendants was dismissed for failure to state a claim upon which relief may be granted because the allegation that defendants denied him equal protection was entirely conclusory. *Id.* at 11-12.

In light of the special status plaintiff enjoys as a pro se civil rights litigant, the August 2017 Order advised plaintiff that, should he seek to pursue any of the claims that were dismissed without prejudice, he could file an amended complaint, which would be subject to review by the Court pursuant to 28 U.S.C. § 1915(e)(2)(B). August 2017 Order at 13 n.8.

### B. Review of the Amended Complaint

The legal standard governing the dismissal of a pleading pursuant to 28 U.S.C. § 1915(e)(2)(B) was discussed at length in the August 2017 Order and will not be restated in this Decision and Order. *See* August 2017 Order at 2-3.

When plaintiff submitted his amended complaint, he amended the defendants by withdrawing all claims against defendants Bruccini, Smith, Annucci, "John Doe," and "Jane Doe." Am. Compl. at 1-2. The amended complaint also contains new allegations that relate to his retaliation claim against defendants Fredrickson, Schleicher, and Barkman, but does not make any new allegations that could plausibly suggest one or more additional claims against these defendants. *See generally*, Am. Compl.

Thus, liberally construed, the amended complaint asserts only a retaliation claim against defendants Fredrickson, Schleicher, and Barkman. *See generally* Am. Compl.

3

Plaintiff requests an award of money damages. *Id.* at 9. For a complete statement of plaintiff's claim, reference is made to the amended complaint.

### C. Sufficiency of the Amended Complaint

Plaintiff brings this action pursuant to Section 1983, which establishes a cause of action for "'the deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." *German v. Fed. Home Loan Mortg. Corp.*, 885 F. Supp. 537, 573 (S.D.N.Y. 1995) (citing *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983)) (footnote omitted); *see also Myers v. Wollowitz*, No. 6:95-CV-0272 (TJM/RWS), 1995 WL 236245, at *2 (N.D.N.Y. Apr. 10, 1995) (stating that "§ 1983 is the vehicle by which individuals may seek redress for alleged violations of their constitutional rights.") (citation omitted). "Section 1983 itself creates no substantive rights, [but] . . . only a procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James,* 13 F.3d 515, 519 (2d Cir. 1993) (citing *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985)).

Mindful of the Second Circuit's direction that a pro se plaintiff's pleadings must be liberally construed, *see e.g. Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008), a response from defendants Fredrickson, Schleicher, and Barkman to plaintiff's First Amendment retaliation claim is required. In so ruling, the Court expresses no opinion as to whether these claims can withstand a properly filed motion to dismiss or for summary judgment.

## III. CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that plaintiff's amended complaint (Dkt. No. 11) is accepted for filing, and is considered the operative pleading; and it is further

**ORDERED** that plaintiff's First Amendment retaliation claim against defendants Fredrickson, Schleicher, and Barkman **SURVIVES** sua sponte review and requires a response; and it is further

**ORDERED** that a response to the amended complaint be filed by defendants Fredrickson, Schleicher, and Barkman, or their counsel, within **thirty (30) days** of the filing date of this Decision and Order; and it is further

**ORDERED** that all pleadings, motions and other documents relating to this action must bear the case number assigned to this action and be filed with the Clerk of the United States District Court, Northern District of New York, 7th Floor, Federal Building, 100 S. Clinton St., Syracuse, New York 13261-7367. Plaintiff must comply with any requests by the Clerk's Office for any documents that are necessary to maintain this action. All parties must comply with Local Rule 7.1 of the Northern District of New York in filing motions; motions will be decided on submitted papers, without oral argument, unless otherwise ordered by this Court. **<u>Plaintiff is also required to promptly notify the Clerk's Office and all parties or their counsel, in writing, of any change in his address; his failure to do so will result in the dismissal of this action</u>**; and it is further

**ORDERED** that the Clerk serve a copy of this Decision and Order on the parties.

**IT IS SO ORDERED.**

Dated: January 2, 2018
       Albany, NY

_/s/ Mae A. D'Agostino_
Mae A. D'Agostino
U.S. District Judge