**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**JAVON DOWLING,**

                          **Plaintiff,**

    vs.                                        **9:17-CV-0647
                                                         (MAD/DJS)**

**C.O. E. SCHLEICHER**, *et al.*,

                          **Defendants.**
_____

**APPEARANCES:**                                 **OF COUNSEL:**

**JAVON DOWLING**
261 Malcolm X Blvd. Apt. 2A
Brooklyn, New York 11233
Plaintiff *pro se*

**OFFICE OF THE NEW YORK**        **DAVID ROSENBERG, AAG**
**STATE ATTORNEY GENERAL**
The Capitol
Albany, New York 12224
Attorneys for Defendants

**Mae A. D'Agostino, U.S. District Judge:**

## DECISION AND ORDER

### I. INTRODUCTION

      Plaintiff brings this action, pursuant to 42 U.S.C. § 1983, asserting a claim arising from his incarceration at Greene Correctional Facility ("Greene C.F.") while in the custody of the Department of Corrections and Community Supervision ("DOCCS"). *See* Dkt. No. 11 at 1. In his amended complaint, Plaintiff alleges that Defendants violated his civil rights by filing a false report against him and confining him to Special Housing Unit ("SHU") for his attempt to seek redress through a superior officer and grievance in violation of the First Amendment of the United States Constitution. *See* Dkt. No. 11. On February 1, 2018, Defendants filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *See* Dkt. No. 22. On February 22,

2018, Plaintiff wrote to the Court advising that he had not received a copy of the motion and requested additional time to respond. *See* Dkt. Nos. 23 & 24. On March 6, 2018, the Court granted Plaintiff an extension of time until April 6, 2018 and further ordered him to notify the Court on or before March 16, 2018 as to whether he had received a copy of the motion. *See* Dkt. No. 25. Plaintiff failed to provide notice to the Court and was *sua sponte* granted a final extension until June 4, 2018 to respond to Defendants' motion. *See* Dkt. No. 26. Plaintiff has not opposed Defendants' motion.

In an August 3, 2018 Report-Recommendation and Order, Magistrate Judge Stewart recommended that the Court deny the motion as to Plaintiff's First Amendment retaliation claim against Defendants Schleicher and Barkman, because Plaintiff pled sufficient facts to state a claim. Further, Magistrate Judge Stewart recommended that Defendants' motion be granted as to Plaintiff's First Amendment retaliation claim against Defendant Fredrickson for failure to allege facts that would support a claim of retaliation. *See* Dkt. No. 28.

## II. DISCUSSION

### A. Standard of Review

A motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the party's claim for relief. *See Patane v. Clark*, 508 F.3d 106, 111-12 (2d Cir. 2007) (citation omitted). In considering the legal sufficiency, a court must accept as true all well-pleaded facts in the pleading and draw all reasonable inferences in the pleader's favor. *See ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (citation omitted). This presumption of truth, however, does not extend to legal conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). Although a court's review of a motion to dismiss is generally limited to the facts presented in the

pleading, the court may consider documents that are integral to that pleading, even if they are neither physically attached to, nor incorporated by reference into, the pleading. *See Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006) (quoting *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152-53 (2d Cir. 2002)).

To survive a motion to dismiss, a party need only plead "a short and plain statement of the claim" with sufficient factual "heft to 'sho[w] that the pleader is entitled to relief[.]'" Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007) (quotation omitted). Under this standard, the pleading's "[f]actual allegations must be enough to raise a right of relief above the speculative level," *Twombly*, 550 U.S. at 555, and present claims that are "plausible on [their] face." *Id.* at 570 (citation omitted). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (citation omitted). Ultimately, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," or where a plaintiff has "not nudged [her] claims across the line from conceivable to plausible, the . . . complaint must be dismissed[.]" *Twombly*, 550 U.S. at 558, 570.

"[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2007) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)) (other citations omitted). The Second Circuit has opined that the court is obligated to "make reasonable allowances to protect *pro se* litigants" from inadvertently forfeiting legal rights merely because they lack a legal education. *See id.* (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  However, when a party declines to file objections or files "[g]eneral or conclusory objections or objections which merely recite the same arguments [presented] to the magistrate judge," the court reviews those recommendations for clear error.  *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted); *see also McAllan v. Von Essen* 517 F. Supp. 2d 672, 679 (S.D.N.Y. 2007).  After the appropriate review, "the court may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate [judge]."  28 U.S.C. § 636(b)(1).

**B.    First Amendment Retaliation**

"Courts properly approach prisoner retaliation claims 'with skepticism and particular care,' because 'virtually any adverse action taken against a prisoner by a prison official – even those otherwise not rising to the level of a constitutional violation – can be characterized as a constitutionally proscribed retaliatory act.'"  *Davis v. Goord*, 320 F.3d 346, 352 (2d Cir. 2003) (quotation and other citation omitted).  "To prove a First Amendment retaliation claim under Section 1983, a prisoner must show . . . '(1) that the speech or conduct at issue was protected, (2) that the defendant took adverse action against the plaintiff, and (3) that there was a causal connection between the protected speech and the adverse action.'"  *Espinal v. Goord*, 558 F.3d 119, 128 (2d Cir. 2009) (quoting *Gill v. Pidlypchak*, 389 F.3d 379, 380 (2d Cir. 2004)).

"Only retaliatory conduct that would deter a similarly situated individual of ordinary firmness from exercising his or her constitutional rights constitutes an adverse action for a claim of retaliation."  *Davis*, 320 F.3d at 353 (internal quotation marks and citation omitted).  In making this determination, courts are to "bear in mind" that "prisoners may be required to tolerate more

4

than average citizens, before a retaliatory action taken against them is considered adverse." *Dawes v. Walker*, 239 F.3d 489, 491 (2d Cir. 2001), *overruled on other grounds*, *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 122 S. Ct. 992, 152 L. Ed. 2d 1 (2002) (internal quotation marks and citations omitted). The "test is objective, not subjective, and must be so, since the very commencement of a lawsuit would otherwise be dispositive on the issue of chilling." *Davidson v. Bartholome*, 460 F. Supp. 2d 436, 447 (S.D.N.Y. 2006) (citations omitted).

In determining whether a causal connection exists between the plaintiff's protected activity and a prison official's actions, factors to be considered include: "(i) the temporal proximity between the protected activity and the alleged retaliatory act; (ii) the inmate's prior good disciplinary record; (iii) vindication at a hearing on the matter; and (iv) statements by the defendant concerning his or her motivation." *Cole v. New York State Department of Correctional Services*, No. 9:10-CV-1098, 2012 WL 4491825, *11 (N.D.N.Y. Aug. 31, 2012) (citing *Colon*, 58 F.3d at 872-73).

In the present matter, the Court finds that Magistrate Judge Stewart correctly determined that Defendants' motion to dismiss should be granted in part and denied in part. In their motion, Defendants' sole contention is that Plaintiff failed to allege any causal nexus or retaliatory motive. As Magistrate Judge Stewart noted, Plaintiff filed a grievance on September 2, 2016. Further, Plaintiff asked Defendant Schleicher to speak with Defendant Barkman, a supervising officer, for redress involving a separate incident on October 26, 2016. Immediately following his request for redress from Defendant Barkman, Plaintiff claims that Defendants Schleicher, Barkman, and Fredrickson "jointly and severally filed a false misbehavior report" in retaliation for his attempt to speak to Defendant Barkman and for his earlier grievance. On November 9, 2016, Plaintiff was found guilty following a disciplinary hearing. Such a short period of time is sufficient to support an inference of a causal nexus between the protected activity and alleged retaliation.

5

Additionally, the Court finds that Magistrate Judge Stewart correctly determined that Plaintiff failed to plausibly allege facts that would support a claim of retaliation as to Defendant Fredrickson. While Plaintiff does allege that Defendant Fredrickson filed the false misbehavior report against him, Plaintiff fails to allege any facts suggesting that Defendant Fredrickson was aware of his protective activity. *See Levola v. Bellinger*, No. 9:09-cv-833, 2011 WL 13273630, *5 (N.D.N.Y. July 20, 2011). As such, the Court grants Defendants' motion as to Defendant Fredrickson and he is dismissed from this case.

### III. CONCLUSION

Having carefully reviewed Magistrate Judge Stewart's Report-Recommendation and Order, the parties' submissions and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Magistrate Judge Stewart's Report-Recommendation and Order is **ADOPTED in its entirety**; and the Court further

**ORDERS** that Defendants' motion to dismiss is **DENIED** as to Plaintiff's First Amendment retaliation claim against Defendants Schleicher and Barkman; and the Court further

**ORDERS** that Defendants' motion to dismiss is **GRANTED** as to Plaintiff's First Amendment retaliation claim against Defendant Fredrickson; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Decision and Order in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: September 18, 2018
      Albany, New York

Mae A. D'Agostino
U.S. District Judge