UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JAVON DOWLING,

                        **Plaintiff,**

  vs.                                                    9:17-CV-0647
                                                             (MAD/DJS)

C.O. E. SCHLEICHER and SGT. BARKMAN,

                        **Defendants.**
_____

APPEARANCES:                                    OF COUNSEL:

**JAVON DOWLING**
261 Malcolm X Blvd. Apt. 2A
Brooklyn, New York 11233
Plaintiff *pro se*

**OFFICE OF THE NEW YORK**                **DAVID ROSENBERG, AAG**
**STATE ATTORNEY GENERAL**
The Capitol
Albany, New York 12224
Attorneys for Defendants

**Mae A. D'Agostino, U.S. District Judge:**

# ORDER

      Plaintiff commenced this action pursuant to 42 U.S.C. § 1983, asserting a claim arising from his incarceration at Greene Correctional Facility ("Greene C.F.") while in the custody of the Department of Corrections and Community Supervision ("DOCCS"). *See* Dkt. No. 11 at 1. In his amended complaint, Plaintiff alleges that Defendants violated his civil rights by filing a false report against him and confining him to the Special Housing Unit ("SHU") for his attempt to seek redress through a superior officer and grievance in violation of the First Amendment of the United States Constitution. *See* Dkt. No. 11. On February 1, 2018, Defendants filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *See* Dkt. No. 22.

In an August 3, 2018 Report-Recommendation and Order, Magistrate Judge Stewart recommended that the Court deny the motion as to Plaintiff's First Amendment retaliation claim against Defendants Schleicher and Barkman, because Plaintiff pled sufficient facts to state a claim. *See* Dkt. No. 28. On September 18, 2018, the Court adopted Magistrate Judge Stewart's Report-Recommendation and Order. *See* Dkt. No. 31.

Presently pending before the Court is the remaining Defendants' motion for summary judgment. *See* Dkt. No. 40. In their motion, Defendants seek summary judgment on both the merits of Plaintiff's First Amendment claim and on the ground that he failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act ("PLRA"). *See id.* Plaintiff has not responded to the pending motion.

In a December 20, 2019 Report-Recommendation and Order, Magistrate Judge Stewart recommended that the Court grant Defendants' motion in its entirety. *See* Dkt. No. 43. In his decision, Magistrate Judge Stewart first found that no dispute of material fact exists as to the lack of a causal connection between Plaintiff's protected activity and the alleged adverse action. *See id.* at 7-9. Additionally, Magistrate Judge Stewart found that dismissal was also appropriate under the PLRA because Plaintiff failed to properly grieve his claims against the remaining Defendants and that administrative remedies were available to Plaintiff. *See id.* at 11-14. Neither party objected to Magistrate Judge Stewart's Report-Recommendation and Order.

A court may grant a motion for summary judgment only if it determines that there is no genuine issue of material fact to be tried and that the facts as to which there is no such issue warrant judgment for the movant as a matter of law. *See Chambers v. TRM Copy Ctrs. Corp.*, 43 F.3d 29, 36 (2d Cir. 1994) (citations omitted). When analyzing a summary judgment motion, the court "'cannot try issues of fact; it can only determine whether there are issues to be tried.'" *Id.* at

36-37 (quotation and other citation omitted). Moreover, it is well-settled that a party opposing a motion for summary judgment may not simply rely on the assertions in its pleadings. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (quoting Fed. R. Civ. P. 56(c), (e)).

In assessing the record to determine whether any such issues of material fact exist, the court is required to resolve all ambiguities and draw all reasonable inferences in favor of the nonmoving party. *See Chambers*, 43 F.3d at 36 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S. Ct. 2505, 2513-14, 91 L. Ed. 2d 202 (1986)) (other citations omitted). Where the non-movant either does not respond to the motion or fails to dispute the movant's statement of material facts, the court may not rely solely on the moving party's Rule 56.1 statement; rather, the court must be satisfied that the citations to evidence in the record support the movant's assertions. *See Giannullo v. City of N.Y.*, 322 F.3d 139, 143 n.5 (2d Cir. 2003) (holding that not verifying in the record the assertions in the motion for summary judgment "would derogate the truth-finding functions of the judicial process by substituting convenience for facts").

"[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2007) (quoting *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972)) (other citations omitted). The Second Circuit has held that the court is obligated to "'make reasonable allowances to protect *pro se* litigants'" from inadvertently forfeiting legal rights merely because they lack a legal education. *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2007) (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)). "This liberal standard, however, does not excuse a *pro* se litigant from following the procedural formalities of summary judgment." *Id.* at 295 (citing *Showers v. Eastmond*, 00 CIV. 3725, 2001 WL 527484, *1 (S.D.N.Y. May 16, 2001)). Specifically, "a *pro se* party's 'bald assertion,' completely unsupported

3

by evidence" is not sufficient to overcome a motion for summary judgment." *Lee v. Coughlin*, 902 F. Supp. 424, 429 (S.D.N.Y. 1995) (citing *Cary v. Crescenzi*, 923 F.2d 18, 21 (2d Cir. 1991)).

When a party files specific objections to a magistrate judge's report-recommendation and order, the district court "make[s] a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(c). However, when a party files "[g]eneral or conclusory objections, or objections which merely recite the same arguments [that he] presented to the magistrate judge," the court reviews those recommendations for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *2 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted). After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(c).

In the present matter, the Court finds that Magistrate Judge Stewart correctly determined that the Court should grant Defendants' unopposed motion for summary judgment. As Magistrate Judge Stewart noted, the protected activity at issue, *i.e.*, Plaintiff's grievance, was by Plaintiff's own admission not lodged against either Defendant and accused neither of any wrongdoing. *See* Dkt. No. 40-5 at 67-68, 71-72. Moreover, both Defendants indicated that they were unaware of the grievance at any time prior to the issuance of the misbehavior report. *See* Dkt. No. 40-6 at ¶ 7; Dkt. No. 40-9 at ¶ 8. As such, Magistrate Judge Stewart correctly determined that the undisputed facts demonstrate that there was no causal connection between the protected activity and the alleged retaliatory conduct.

Additionally, Magistrate Judge Stewart also correctly found, in the alternative, that Plaintiff failed to properly exhaust his available administrative remedies. At his deposition, Plaintiff admitted that he did not file a formal grievance regarding his claim, but instead wrote a

4

letter to a Deputy Superintendent at Greene C.F. *See* Dkt. No. 40-5 at 100-02. Plaintiff further admitted at his deposition that he received no response to the letter he allegedly mailed and that he "never followed up with grievance." *Id.* at 102, 104. Plaintiff's informal letter to correctional officials is not a substitute for a formal grievance. *See Macias v. Zenk*, 495 F.3d 37, 43 (2d Cir. 2007). Magistrate Judge Stewart also correctly determined that, given Plaintiff's failure to oppose the motion for summary judgment, no basis appears in the record for concluding that DOCCS' grievance procedure was unavailable to him. Accordingly, the Court grants Defendants' motion for summary judgment.

Having carefully reviewed Magistrate Judge Stewart's Report-Recommendation and Order, Defendants' submissions and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Magistrate Judge Stewart's Report-Recommendation and Order (Dkt. No. 43) is **ADOPTED in its entirety**; and the Court further

**ORDERS** that Defendants' motion for summary judgment (Dkt. No. 40) is **GRANTED in its entirety**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Defendants' favor and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Decision and Order in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: January 8, 2020
      Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge